FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 SEP 29 PM 2: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

HERLANCER S. ROSS,           )
                             )
        Plaintiff,           )
                             )
v.                           )    No. 02-2454 Ml/An
                             )
CITY OF MEMPHIS, et al.,     )
                             )
        Defendants.          )

---

**ORDER GRANTING IN PART AND DENYING IN PART SECOND RENEWED MOTION
OF DEFENDANT GRAY FOR SUMMARY JUDGMENT**

---

Before the Court is Defendant Deputy Chief Alfred Gray's second Renewed Motion for Summary Judgment, filed December 17, 2004.[1] Plaintiff responded in opposition on January 28, 2005. For the following reasons, Defendant's motion is DENIED in part and GRANTED in part.

---

[1] Defendant Gray submitted his initial Renewed Motion for Summary Judgment on November 10, 2003. Plaintiff responded on January 14, 2004, and the motion was denied without prejudice on August 25, 2004. On October 12, 2004, the Court entered an order that stayed the case pending resolution of a related matter then pending before the United States Court of Appeals for the Sixth Circuit. On December 8, 2004, the Court filed an Order Following Status Conference that lifted the stay and ordered that the case go forward with respect to all motions pending in the case except for the motions for summary judgment filed by Defendant City of Memphis and Defendant Crews. Pursuant to that order, Defendant Gray was to file a motion to renew his motion for summary judgment. Plaintiff was then to file an amended response to Defendant Gray's motion for summary judgment.

Defendant Gray refers to the motions of Dec. 17, 2004 and Nov. 10, 2003 as his Renewed Motion for Summary Judgment. For clarity, the Court will refer to the motion of Dec. 17, 2004 as Defendant Gray's Second Renewed Motion for Summary Judgment.

343

## I.   BACKGROUND

The instant lawsuit arises out of disciplinary proceedings held by the Memphis Police Department against Herlancer Ross, an African-American police officer.  Plaintiff Herlancer Ross is a female African American and is employed as a police officer by the City of Memphis' Police Services Division.  Defendant Walter Crews is the former Director of the Police Services Division. Defendant Alfred Gray is the Deputy Chief in the Police Services Division.

The facts relevant to Plaintiff's claims are largely undisputed.  Plaintiff took the police department promotion examination on June 1, 2000.  That same day, Crews, then the Interim Director of the Police Services Division, publicly announced that a portion of the police department promotion examination had been leaked or stolen.  On June 2, 2000, Crews ordered a criminal investigation to determine how the test materials had been compromised.  As the investigation of the compromised exam materials proceeded, Crews promoted sixty-three candidates to sergeant on July 12, 2000.  Three days later, Crews was appointed Director of the Police Services Division.

On September 12, 2000, Plaintiff, along with other police department employees, joined in a lawsuit against the City of Memphis in the United States District Court for the Western

District of Tennessee.[2]  The <u>Johnson</u> lawsuit alleged that the
police department's 2000 promotion process was invalid, in part,
because high-ranking police officials had knowingly leaked a
portion of the test materials to selected candidates.  In
addition, the lawsuit alleged that the department's written test
was not race neutral and that the <u>Johnson</u> defendants
intentionally discriminated against minorities by administering
the written test.  The <u>Johnson</u> plaintiffs filed materials related
to the test under seal with the District Court on September 12,
2000.  In December 2000, the <u>Johnson</u> plaintiffs moved for partial
summary judgment.  Plaintiff furnished testimony and evidence in
support of the motion for partial summary judgment.  Later,
Plaintiff was deposed in the <u>Johnson</u> case, and her deposition was
filed under seal.

During the months of January and February 2001, Defendant
City of Memphis ("City") decided to administer a new portion of
the exam to replace the compromised portion of the previously
administered exam.  In April 2001, the City announced that it did
not oppose the <u>Johnson</u> plaintiffs' motion for partial summary
judgment and conceded that the 2000 promotion process was
invalid.

At some point after the investigation began, Crews

_____

[2] <u>Johnson, et al., v. City of Memphis</u>, No. 00-2608, filed
July 11, 2000.

established criteria for charging individuals implicated in the distribution of the compromised 2000 promotion exam materials. On September 12, 2000, police investigators interviewed Plaintiff.  She informed them that she had received the "study guide" prior to taking the examination and had given it to her attorney after hearing that the test was compromised.  (Pl.'s Resp. Opp'n to Def. Gray's [Second] Renewed Mot. Summ. J. ¶¶ 22, 59.)  Plaintiff alleges that the investigators did not intend to charge her.  (Id. ¶ 61.1.)  On April 24, 2001, Plaintiff was charged with violating department policies.  On May 15, 2001, Plaintiff sent a letter to Defendants stating that she had provided testimony in the Johnson matter and had filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC").[3]  The letter informed Defendants that they must not retaliate against her for her testimony in the Johnson lawsuit and in the EEOC claim.  The letter also stated that there was no basis to charge Plaintiff with violating department policies and demanded that the charges against her be withdrawn and dismissed.

On June 11, 2001, Defendant Gray, by Crews' appointment, served as the hearing officer at Plaintiff's disciplinary hearing.  Defendant Gray refused Plaintiff's request that her

_____

[3] Plaintiff filed her charge of racial discrimination with the EEOC on January 11, 2001.

-4-

attorney be present during the hearing.  Following the hearing,
Plaintiff was demoted from the rank of Patrol Officer (PII) to
Patrol Officer Probationary (PI), which resulted in an immediate
decrease in pay and seniority.  Gray also banned Plaintiff's
participation in the upcoming sergeant's promotion process re-
testing.

Plaintiff appealed her demotion to the Civil Service
Commission ("Commission"), and a hearing was conducted by the
Commission on October 19, 2001.  At the hearing, Gray testified
that Plaintiff had violated department policies.  At the
conclusion of Plaintiff's proof during the civil service hearing,
the Commission unanimously granted Plaintiff's motion for a
directed verdict and concluded that the City did not have a
reasonable basis for demoting Plaintiff.  The Commission ordered
the City to reinstate Plaintiff to her former rank and position
with all seniority rights and benefits.  Crews subsequently
appealed the Commission's ruling to the Chancery Court.  The City
voluntarily dismissed its appeal on May 29, 2003.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary
judgment is proper "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to judgment

-5-

as a matter of law." Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex</u> <u>Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u> <u>Corp.</u>, 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>see also</u> <u>Abeita v. TransAmerica Mailings, Inc.</u>, 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52.

-6-

Additionally, "where motive is an element of the constitutional wrong alleged . . ., the plaintiff cannot be required to meet a heightened burden of proof" to meet a summary judgment challenge. Thaddeus-X v. Blatter, 175 F.3d 378, 385-86 (6th Cir. 1999) (citing Crawford-El v. Britton, 523 U.S. 574 (1998)(finding that civil rights plaintiff need not prove unconstitutional motive by clear and convincing evidence to rebut defense of qualified immunity at summary judgment phase; noting that heightened burden undermines the very purpose of § 1983)); see also Goad v. Mitchell, 297 F.3d 497, 502-03 (6th Cir. 2002)(holding heightened pleading requirement invalid). The district court may require plaintiffs to produce "'specific, nonconclusory factual allegations' that establish improper motive" to survive a motion for summary judgment. Crawford-El, 523 U.S. at 598 (citation omitted). However, this requirement only applies to qualified immunity claims where improper motive is at issue. Goad, 297 F.3d at 504. Plaintiffs need not provide direct evidence of improper motive, but may utilize circumstantial evidence to meet this requirement. Id.

## III. ANALYSIS

Defendant Gray moves for summary judgment regarding all of Plaintiff's claims against him. In her First Amended Complaint, Plaintiff alleges that Defendant Gray disciplined and demoted Plaintiff in retaliation for her involvement in the Johnson

-7-

lawsuit in violation of her rights under the First and Fourteenth Amendments of the United States Constitution, Article I § 23 of the Tennessee Constitution, 42 U.S.C. §§ 1981, 1983, 1985(2), and Tenn. Code Ann. § 4-21-301.  Plaintiff also alleges that Defendant engaged in civil conspiracy.  (First Am. Compl. at 10-13.)  Defendant contends that he is entitled to qualified immunity from suit and that he is entitled to judgment as a matter of law on all of Plaintiff's claims.  The Court will address these contentions.

## A. 42 U.S.C. § 1981

Section 1981 "prohibits racial discrimination in the making and enforcing of private contracts."  Noble v. Brinker Int'l, Inc., 391 F.3d 715, 720 (6th Cir. 2004).[4]  The statute also prohibits racial discrimination in the performance, modification, and termination of contracts.  42 U.S.C. § 1981(b).

"[T]he remedies available to the individual under Title VII are co-extensive with the indiv(i)dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. Section

---

[4] The statute, in relevant part, states:

> All persons within the jurisdiction of the
> United States shall have the same right . . .
> to make and enforce contracts, to sue, be
> parties, give evidence . . . as is enjoyed by
> white citizens . . . .

42 U.S.C. § 1981(a).

1981, and that the two procedures augment each other and are not mutually exclusive." H.R.Rep.No.92-238, p. 19 (1971), quoted in Harris v. Richards Mfg. Co., Inc., 675 F.2d 811, 813-14 (6th Cir. 1982). "The elements of [a] prima facie case as well as the allocations of the burden of proof are the same for employment claims stemming from Title VII and § 1981." Noble, 391 F.3d at 720 (quoting Johnson v. Univ. of Cincinnati, 215 F.3d 561, 573 n. 5 (6th Cir. 2000)).

A plaintiff may state a cause of action under Section 1981 for discriminatory employment conditions, see Holt v. Michigan Dept. Of Corrections, 974 F.2d 771 (6th Cir. 1992), and for failure to promote. Walcott v. City of Cleveland, 123 Fed. Appx. 171, 176 (6th Cir. 2005); Campbell v. City of Dayton, 1991 WL 1092501, *9 (S.D. Ohio Dec. 9, 1991); see also Police Ass'n of New Orleans through Cannatella v. City of New Orleans, 100 F.3d 1159 (5th Cir. 1996)(finding § 1981 claim where police officer was not promoted to sergeant).

Additionally, Section 1981 prohibits an employer from retaliating against an employee for engaging in protected activity. Abbott v. Crown Motor Co., 348 F.3d 537, 542 (6th Cir. 2003)(dealing with Title VII). Regarding the definition of "protected activity," Title VII provides, in pertinent part:

> It shall be an unlawful employment practice
> for an employer to discriminate against any
> of his employees . . . because [the employee]
> has opposed any practice made an unlawful

-9-

> employment practice by this subchapter, or
> <u>because he has made a charge, testified,</u>
> <u>assisted, or participated in any manner in an</u>
> <u>investigation, proceeding, or hearing</u> under
> this subchapter.

42 U.S.C. § 2000e-3(a), <u>quoted in</u> <u>DiCarlo v. Potter</u> 358 F.3d 408,

420 (6th Cir. 2004)(emphasis added).

　　　In the absence of direct evidence of retaliation, such

claims are analyzed under the burden-shifting framework set forth

in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), and

refined in <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248

(1981). <u>Abbott</u>, 348 F.3d at 542. Under this approach, a

plaintiff must first establish a <u>prima facie</u> case of

discrimination. <u>Burdine</u>, 450 U.S. at 252.  To establish a <u>prima</u>

<u>facie</u> case of retaliation pursuant to Title VII, a plaintiff must

demonstrate that:

> (1) he engaged in an activity protected by Title VII; (2)
> the defendant knew he engaged in this protected activity;
> (3) thereafter, the defendant took an employment action
> adverse to him; and (4) there was a causal connection
> between the protected activity and the adverse employment
> action.

<u>Smith v. City of Salem, Ohio</u>, 378 F.3d 566, 570 (6th Cir.

2004)(citations omitted).  Establishing a <u>prima facie</u> case

creates a rebuttable presumption that the employer engaged in

unlawful retaliation. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S.

502, 506 (1993).

　　　Once the plaintiff has established a <u>prima facie</u> case, the

burden shifts to the employer to produce a legitimate, non-

-10-

discriminatory reason for the adverse employment action.
Burdine, 450 U.S. at 252-53.  The burden is not onerous.  An
employer will satisfy its burden as long as it articulates a
valid rationale for its decision.  Hartsel v. Keys, 87 F.3d 795,
800 (6th Cir. 1996).

If the employer meets this burden, the plaintiff may still
prevail if he shows that the reasons offered by the defendant are
a pretext for discrimination.  Burdine, 450 U.S. at 253.  To
prove pretext, the plaintiff must introduce admissible evidence
to show "that the proffered reason was not the true reason for
the employment decision" and instead that racial animus was the
true motivation driving the employer's determination.  Hicks, 509
U.S. at 508.  Throughout the analysis, the ultimate burden of
proof remains with the plaintiff.  Id. at 511.

If the defendant presents a legitimate, non-discriminatory
reason for the employment action, "a plaintiff will survive
summary judgment only by raising a genuine issue of material fact
as to whether the proffered reason is in fact a pretext for
discrimination."  Walcott v. City of Cleveland, 123 Fed. Appx.
171, 176 (6th Cir. 2005)(citations omitted).  In order to
establish pretext, the plaintiff must show that "the reason
offered by the defendant: (1) has no basis in fact; (2) did not
actually motivate the decision not to promote, or (3) was
insufficient to warrant the decision not to promote."  Id.  "In

-11-

every civil rights action it is the responsibility of the jury
[to] determine whether the defendant's actions were invidious,
pretextual, or improperly motivated." Johnson v. Univ. of
Cincinnati, 215 F.3d 561, 578 (6th Cir. 2000).

Finally, a plaintiff need not allege direct discrimination
on account of her race, but may instead bring a claim under
section 1981 in connection with a "racial situation in which
[s]he became involved" that resulted in an adverse employment
action. See id. at 574-75 (citing Winston v. Lear-Siegler, Inc.,
558 F.2d 1266, 1268, 1270 (6th Cir. 1977)(affirming that
"Congress' intent behind the enactment of § 1981--to eradicate
the badges and incidents of slavery--were best served" by
permitting such claims)). "[T]he fact that Plaintiff has not
alleged discrimination because of his race is of no moment
inasmuch as it was a racial situation in which Plaintiff became
involved . . . that resulted in Plaintiff's discharge from
employment." Id. (citations omitted).

Having reviewed the record and the parties' submissions, the
Court finds that Plaintiff has pointed to sufficient facts to
create a genuine issue of material fact as to Defendant's motives
in disciplining Plaintiff. Plaintiff has pleaded a prima facie
case. First, Plaintiff was involved as a plaintiff in the
Johnson suit, which charged the Memphis Police Department with
engaging in racially discriminatory practices. Her involvement

-12-

as a plaintiff and by giving testimony in that case are protected under section 1981 and under Title VII. <u>See</u> 42 U.S.C. § 2000e-3(a)(" . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. . ."}.

Second, Plaintiff has put forward sufficient evidence to create a genuine issue of material fact as to whether Defendant Gray knew of her involvement in the lawsuit. Defendant Gray claims that "Plaintiff's own protective order in the <u>Johnson</u> case prevented Chief Gray from receiving any knowledge or information regarding her participation in that case . . . ." (Renewed Mot. Def. Gray Summ. J. at 14), and as such, he could not discriminate against Plaintiff on that basis. However, Defendant Gray has admitted that he knew Plaintiff provided information under seal in the <u>Johnson</u> case, prior to his discipline of her. (Pl.'s Ex. 7 at 207-08; Pl.'s Ex. 3 at 94, 113-14.)

Third, Defendant Gray took an adverse employment action by holding disciplinary hearings investigating Plaintiff and later by demoting her to a Patrol Officer Probationary. Finally, Plaintiff alleges that Defendant disciplined and demoted her on account of her involvement in the lawsuit. Thus, Plaintiff has made out a <u>prima</u> <u>facie</u> case of discrimination under Section 1981.

Defendant Gray submits that he had a legitimate, non-retaliatory reason to discipline Plaintiff, because she did not report that she received the "study guide" and did not submit it

-13-

to the police authorities.  (Renewed Mot. Def. Gray Summ. J. at
10.)  However, drawing all inferences in favor of the non-moving
party, Plaintiff has alleged sufficient facts to create a
material question of fact as to Defendant Gray's actual motive to
discipline Plaintiff.  Plaintiff contends that Defendant's
asserted motive is pretext and did not actually motivate him.
Plaintiff asserts that her non-reporting of the "study guide" was
an insufficient reason to motivate Defendant's actions, as he
knew of others who received the "study guide" and did not report
it to the police investigators, yet Defendant did not discipline
those other test-takers.  (Pl.'s Ex. 3 at 110.)  Plaintiff has
put forth sufficient evidence of pretext to bring the question of
Defendant's motivation to the jury.  See Johnson, 215 F.3d at
577-78 (holding that jury must decide whether defendants sued in
individual capacities terminated plaintiff out of discriminatory
animus).

Defendant Gray contends that he did not discriminate against
Plaintiff on the basis of her race and thus that Plaintiff's
allegations are insufficient to state a claim under Section 1981.
(Reply Def. Gray to Pl.'s Resp. to Renewed Mot. Summ. J. at 5-6.)
Plaintiff alleges that she involved herself in a "racial
situation" within the meaning of § 1981 by participating in the
Johnson lawsuit which alleged racial discrimination.  The Court
agrees with Plaintiff and holds that she has pointed to

-14-

sufficient evidence to create a genuine issue of material fact as
to Defendant Gray's motivation in disciplining her.[5]  As such,
Defendant Gray's motion for summary judgment on the § 1981 claim
is DENIED.

### B. 42 U.S.C. § 1983

Section 1983 does not create substantive rights, but rather
serves as a "method for vindicating federal rights elsewhere
conferred."  Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979).
To establish a prima facie case under § 1983, a plaintiff must
prove two elements: (1) that the government action occurred
"under color of law" and (2) that the action is a deprivation of
a constitutional right or federal statutory right.  Parratt v.
Taylor, 451 U.S. 527, 535 (1981); Block v. Ribar, 156 F.3d 673,
677 (6th Cir. 1998).  "The first step in any such claim is to
identify the specific constitutional right allegedly infringed."
Albright v. Oliver, 510 U.S. 266, 271 (1994).  In her amended
complaint, Plaintiff claims that Defendant Gray violated her
rights pursuant to the First and Fourteenth Amendments.

---

[5] The Court addressed this argument in its Order Denying
Defendant Gray's Motions to Strike Material from the Complaint,
Dismiss, and Summary Judgment, entered October 2, 2002.  The
Court then, as now, found that Plaintiff's participation in a
lawsuit alleging racial discrimination was sufficient to create a
"racial situation" for purposes of the analysis under Johnson v.
Univ. of Cincinnati.

## 1. First Amendment

Plaintiff contends that Defendant Gray violated her right to petition the government for redress under the First Amendment by disciplining and demoting her in retaliation for her participation in the <u>Johnson</u> lawsuit.  "It is beyond dispute that the right of access to the court is a fundamental right protected by the Constitution," <u>Swekel v. City of River Rouge</u>, 119 F.3d 1259, 1261 (6th Cir. 1997)(citations omitted), which emanates, at least in part, from the First Amendment right to petition. <u>California Motor Transp. Co. v. Trucking Unlimited</u>, 404 U.S. 508, 510 (1972).  The right to petition is "among the most precious of the liberties safeguarded by the Bill of Rights." <u>United Mine Workers v. Illinois State Bar Assn</u>, 389 U.S. 217, 222 (1967). The right to petition encompasses matters of public concern "fairly considered as relating to any matter of political, social, or other concern to the community . . . ." <u>Connick v. Myers</u>, 461 U.S. 138, 146 (1983).

"The law is well settled in this Circuit that retaliation under color of law for the exercise of First Amendment rights is unconstitutional . . . ." <u>Zilich v. Longo</u>, 34 F.3d 359, 365 (6th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1036 (1995).  A plaintiff may bring a claim of First Amendment retaliation under 42 U.S.C. § 1983.  <u>See, e.g.</u>, <u>Valot v. Southeast Local Sch. Dist. Bd. of Educ.</u>, 107 F.3d 1220, 1226 (6th Cir. 1997), <u>cert. denied</u>, 522

-16-

U.S. 861 (1997).   In order to establish a First Amendment
retaliation claim, Plaintiff must show:

> (1) that [she] was engaged in a constitutionally
> protected activity; (2) that the defendant's adverse
> action caused the plaintiff to suffer an injury that
> would likely chill a person of ordinary firmness from
> continuing to engage in that activity; and (3) that the
> adverse action was motivated at least in part as a
> response to the exercise of the plaintiff's
> constitutional rights.

Strouss v. Michigan Dept. of Corr., 250 F.3d 336, 345-46 (6th
Cir. 2001).   "A cause of action for violation of the Petition
Clause is subject to the same analysis applied to a claim arising
under the Speech Clause."   Valot, 107 F.3d at 1226.

In order to state a First Amendment retaliation claim under
Section 1983, a public employee must show further that (1) her
First Amendment activity dealt with an issue of public concern
and (2) that her interest in speaking outweighed the defendant's
interest in regulating her speech.   Johnson, 215 F.3d at 583
(citing Connick, 461 U.S. at 147; Pickering v. Bd. of Educ., 391
U.S. 563, 568 (1968)).

> Absent unusual circumstances, a public
> employee's speech dealing with "matters only
> of personal interest" is not afforded
> constitutional protection. "Whether an
> employee's speech addresses a matter of
> public concern must be determined by the
> content, form, and context of a given
> statement, as revealed by the whole record."

Johnson, 215 F.3d at 583-84 (citing Connick, 461 U.S. at 147-48).
If the speech or conduct at issue is found to be a matter of

-17-

public concern, the Court must next determine whether the plaintiff's First Amendment interests outweighs the defendant's interest in regulating her speech under the Pickering balancing test. See Pickering, 391 U.S. at 568.

In order to prove that her protected activity was a motivating factor in the defendant's alleged harassment, the plaintiff must "point to specific, nonconclusory allegations reasonably linking [her] speech" to the defendant's alleged harassment. Farmer v. Cleveland Public Power, 295 F.3d 593, 602 (6th Cir. 2002)(citation omitted). The fact that the alleged harassment "occurred after the exercise of free speech, without more, is insufficient to establish the link that is central to a First Amendment retaliation claim." Id. (citation omitted). A burden shifting scheme applies to the third element of the test. In particular, to satisfy the third element:

> [P]laintiff must proffer evidence sufficient to raise the inference that his or her protected activity was a motivating factor for the adverse decision. Circumstantial evidence, like the timing of events or the disparate treatment of similar individuals, may support this inference. Once a plaintiff has met his or her burden of establishing that his or her protected conduct was a motivating factor behind the adverse conduct, the burden of production shifts to the defendant. If the defendant can demonstrate that it would have taken the same action in the absence of the protected activity, it has met its burden and is entitled to summary judgment if it can show affirmatively that there is no genuine issue in dispute.

-18-

Tucker v. City of Richmond, 388 F.3d 216, 220 (6th Cir. 2004)
(emphasis added)(citing Arnett v. Myers, 281 F.3d 552, 560-61
(6th Cir. 2002)).  "[S]ummary judgment for the defendant is
proper only if the evidence is such that every reasonable juror
would conclude that the defendant met its burden of showing that
it would have taken the same action even in the absence of the
protected conduct."  Id. (citing Arnett, 281 F.3d at 552).

      Having reviewed the record and the parties' submissions and
drawing all inferences in favor of the non-moving party, the
Court finds that Plaintiff has pointed to sufficient evidence in
the record to create a genuine issue of material fact as to
whether any alleged discrimination was motivated by Plaintiff's
participation in the Johnson lawsuit.  First, the Court finds
that Plaintiff engaged in constitutionally protected behavior.
"The purpose of the Petition Clause . . . is to ensure that
citizens may communicate their will through direct petition to
the legislature and government officials."  BPNC, Inc. v. Taft,
2005 WL 1993426 at *5 (6th Cir. 2005)(slip copy).  Access to the
courts is a well-established right protected under the
Constitution.  Lewis v. Casey, 518 U.S. 343, 350 (1996)(citation
omitted).  Here, Plaintiff became a plaintiff and gave testimony
in a lawsuit, in order to assert her right to a non-
discriminatory work environment.  This is exactly the behavior
protected by the Constitution.

The Court finds that Defendant Gray engaged in adverse action. Demotions, discharge, and failure to promote are types of adverse action in the employment context. <u>Thaddeus-X</u>, 175 F.3d 378 at 396 (citations omitted). Defendant Gray acted adversely towards Plaintiff when he conducted an investigation into Plaintiff's conduct and demoted her to a lower level rank officer.

Third, Plaintiff alleges a causal connection between her protected conduct and the adverse action. Defendant Gray admits that he knew that other officers met the disciplinary criteria, yet were not disciplined. (Pl.'s Resp. Opp'n to Def. Gray's [Second] Renewed Mot. Summ. J. ¶ 94; Ex. 3 at 110.) Plaintiff has called Defendant Gray's asserted motives into question and points to evidence to demonstrate a causal connection between her protected activity and Defendant's actions.

Plaintiff also meets the criteria of demonstrating that her activity dealt with a matter of public concern and that her interests outweighed the government's. The <u>Johnson</u> lawsuit dealt with the alleged discriminatory practices of the police department in qualifying police officers, a matter that is of great public concern. Additionally, Plaintiff's interest in petitioning the government outweighed its interest in limiting her speech or in the efficiency of its processes. Plaintiff has put forward sufficient facts to make out a <u>prima facie</u> case of

-20-

retaliation.

Defendant Gray alleges that he would have engaged in the same action, independent of Plaintiff's involvement of the lawsuit.  However, in light of the Civil Service Commission's immediate reversal of Plaintiff's disciplinary sentence (First Am. Cmplt. ¶ 41) and Defendant Gray's admission that he did not discipline others who had engaged in exactly the same violations as Plaintiff (Pl.'s Ex. 3 at 110), the Court finds that there is a genuine issue in dispute about Defendant's motive in disciplining Plaintiff.  Because a genuine issue of material fact remains, the Court DENIES Defendant's § 1983 First Amendment summary judgment motion.

### 2. Fourteenth Amendment

In her complaint, Plaintiff asserts two separate theories by which Defendant Gray violated her rights pursuant to the Fourteenth Amendment.  Defendant contends that summary judgment is appropriate with respect to both of these claims because they fail on their merits.

### i. Due Process

Plaintiff contends that Defendant Gray denied her due process by disciplining her in a "sham hearing" without a fair hearing.[6]  "The Fourteenth Amendment's Due Process Clause

---

[6] The Court notes that the right of access to the Courts is sometimes construed as stemming from the Due Process clause of
                                                      (continued...)

-21-

protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." <u>Wilkinson v. Austin,</u> 125 S.Ct. 2384, 2393 (2005)(citations omitted). Plaintiff's claim depends upon her having a property interest in her continued employment at her rank in the Memphis Police Department. It is well settled that "public employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process. . . ." <u>Gilbert v. Homar</u>, 520 U.S. 924, 928-29 (1997)(citations omitted)(finding that police officer's demotion to groundskeeper implicated his constitutionally protected property interest).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (1976). To determine what process is due, the Court utilizes the <u>Mathews</u> balancing test and looks at three factors: (1) the private interest that will be affected by the official action; (2) the

---

(continued...)
the Fourteenth Amendment, and that where Courts instead find a violation of the First Amendment Petition Clause, they decline to consider duplicative claims under the Fourteenth Amendment. <u>See, e.g.</u>, <u>Valot</u>, 107 F.3d at 1226. However, the Court does not construe Plaintiff's claim here as a right of access claim, but rather that Plaintiff alleges an independent violation of her right to a fair hearing under the Due Process clause. (Pl.'s Resp. Opp'n to Def. Gray's [Second] Renewed Mot. Summ. J. at 37.)

risk of an erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest. Id. at 335.  However, courts must also assess the length and finality of the deprivation; a temporary suspension without pay may be constitutionally permissible without a pre-deprivation hearing although termination would not be. Gilbert v. Homar, 520 U.S. 924, 932 (1997).  Civil service employees must be given notice of the reasons for termination and an opportunity to respond prior to being discharged.  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

Defendant Gray contends that Plaintiff's claim must fail because she was given pre-disciplinary notice and an administrative hearing.  However, Plaintiff does not contend that she had no process; rather, she contends that Defendants gave her a sham hearing in violation of her due process rights.  A "sham" proceeding in which the outcome of the hearing is predetermined does not meet the requirements of a pre-termination hearing and does not afford due process.  Wagner v. City of Memphis, 971 F.Supp. 308, 318-19 (W.D. Tenn. 1997).  Sham proceedings "eviscerate the protection afforded to municipal employees under the Due Process Clause of the Fourteenth Amendment."  Id. at 319.

Defendant Gray contends that Plaintiff has not put forth any evidence that the disciplinary hearing was a sham.  (Reply Def.

-23-

Gray to Pl.'s Resp. to Renewed Mot. Summ. J. ¶ 4).  However,
Plaintiff cites to Defendant Gray's contradictory statements
about his discipline of Plaintiff in his Civil Service testimony.
Defendant Gray noted that prior to the date he imposed discipline
on Plaintiff, he knew that Plaintiff had provided evidence under
seal in the <u>Johnson</u> proceedings. (Pl.'s Ex. 7 at 208.)  However,
in the same proceeding, Defendant stated that his discipline of
Plaintiff would have differed had he known that she had provided
information about the test content to the federal court. (<u>Id.</u> at
209.)

In addition, Plaintiff cites to testimony by a hearing
officer that another inspector told him that "Chief Gray had a
certain outcome he wanted [from the investigation] . . . ."
(Pl.'s Ex. 16 at 13.)  Defendant Gray also told the officer to
take "firm action" and to limit the proceedings of the
investigation. (<u>Id.</u> at 13, 140-43.)

Drawing all inferences in favor of the non-moving party,
Defendant Gray's contradictory statements about Plaintiff's
hearing and the allegations of predetermined outcomes by the
hearing officer raise a genuine issue of material fact as to the
sufficiency of the process Plaintiff received before she was
demoted.  Accordingly, Defendant's motion for summary judgment as
to the Due Process claim under the Fourteenth Amendment is
DENIED.

-24-

## ii. Equal Protection

Plaintiff also contends that she was disciplined in violation of the Equal Protection Clause.[7]  The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  "To state a claim under the Equal Protection Clause, a section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class' or burdened a fundamental right."  Midkiff v. Adams County Reg'l Water Dist., 409 F.3d 758, 770 (6th Cir. 2005)(quoting Purisch v. Tennessee Tech. Univ., 76 F.3d 1414, 1424 (6th Cir. 1996)).  "[W]here no suspect class or fundamental right is implicated, this Court must apply rational basis review."  Id. (citation omitted).  Under rational basis review, "the governmental policy at issue will be afforded a strong presumption of validity and must be upheld as long as there is a rational relationship between the disparity of treatment and some legitimate government purpose."  Id. (internal citations and quotations omitted).  To prevail on a claim under rational basis review, Plaintiff must "negate all possible

---

[7] Defendant asserts that Plaintiff has failed to address the Equal Protection claim and thus has waived it. (Reply Def. Gray to Pl.'s Resp. to Renewed Mot. Summ. J. ¶ 3) Because Plaintiff addressed the Equal Protection claim in her Amended Complaint as well as in her Response in Opposition to Defendant Gray's [Second] Renewed Motion for Summary Judgment, the Court finds that Plaintiff has not waived this claim.

rational justifications" for the disparity of treatment." Id.

Plaintiff alleges that she was disciplined unfairly, because others similarly situated, who had also received information about the test content and failed to report that information to a supervisor, were not disciplined at all.  Plaintiff does not allege that she was discriminated against due to her membership in any protected class or that any fundamental right was burdened.  Moreover, even if Plaintiff was disciplined while others similarly situated were not, a rational basis exists for that distinction given the importance of investigators' discretion in bringing investigations and charges.  "It is well established that a reasonable prosecutorial discretion is inherent in our judicial system, . . . and that such discretion does not amount to unconstitutional discrimination unless it is deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification . . . ." U.S. v. Cooper, 577 F.2d 1079, 1086 (6th Cir. 1978)(citations omitted). Accordingly, Defendant Gray's motion for summary judgment is GRANTED and Plaintiff's Equal Protection claim is DISMISSED.

### C. 42 U.S.C. § 1985

Plaintiff brings a claim under 42 U.S.C. § 1985(2) alleging that Defendant Gray conspired with others to retaliate against Plaintiff on account of her participation in the Johnson lawsuit against the Memphis Police Department.  Section 1985(2) provides

that injured parties have an action for recovery of damages:

> [i]f two or more persons in any State or
> Territory conspire to deter, by force,
> intimidation, or threat, any party or witness
> in any court of the United States from
> attending such court, or from testifying to
> any matter pending therein, freely, fully,
> and truthfully, or to injure such party or
> witness in his person or property on account
> of his having so attended or testified. . .

42 U.S.C. § 1985(2).  "To sustain a cause of action under 42 U.S.C. § 1985(2), a plaintiff must prove the existence of a conspiracy among 'two or more persons.'"  Doherty v. American Motors Corp., 728 F.2d 334, 339 (6th Cir. 1984).  The first clause of Section 1985(2), dealing with the intimidation of witnesses or participants in federal court proceedings, does not require allegations of class-based animus.  Id. (citing Kush v. Rutledge, 460 U.S. 719 (1983)).  To state a claim under Section 1985, a plaintiff must support his claim with "specific allegations showing the existence of a conspiracy." Azar v. Conley, 456 F.2d 1382, 1384 (6th Cir. 1972).

Plaintiff alleges that Defendants Gray and Crews "conspired to intimidate plaintiff, with the express purpose of injuring plaintiff on account of her appearance, testimony and participation in the federal case of Johnson v. City of Memphis in violation of 42 U.S.C. § 1985(2)." (First Am. Compl. ¶ 67).  In addition, Plaintiff has recited specific factual allegations which support her contention that there was a conspiracy.  (Pl.'s

-27-

Resp. Opp'n to Def. Gray's [Second] Renewed Mot. Summ. J. at 43-45.)

While broad conclusory language void of factual allegations is insufficient to state a claim under Section 1985(2), Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984), Plaintiff has pointed to sufficient evidence noted above to withstand a motion for summary judgment.

Defendant Gray contends that he could not have conspired within the meaning of Section 1985, because of the doctrine of intra-corporate immunity. (Reply Def. Gray to Pl.'s Resp. to Renewed Mot. Summ. J. at 11.)  Under this doctrine, a corporation cannot conspire with its agents or employees for purposes of a civil conspiracy claim.  Doherty, 728 F.2d at 339 (citing Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911 (5th Cir. 1952)).  "There is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978), quoted in Doherty, 728 F.2d at 339.  Defendant claims that because all Defendants were acting on behalf of the City, there could be no conspiracy.

The Court has already addressed this argument, and has found it without merit.  (Order Den. Def. Gray's Mots. Strike Material

-28-

from Compl., Dismiss, Summ. J. at 10-11.)  As we stated then,
Defendants could not have acted within the scope of their
employment by retaliating against Plaintiff for exercising her
First Amendment rights.  <u>See</u> <u>Bloch v. Ribar</u>, 156 F.3d 673, 682
(6th Cir. 1998); <u>Doran v. City of Douglas</u>, 904 F.2d 1372, 1378
(9th Cir. 1990).  The intra-corporate immunity doctrine does not
bar claims at the summary judgment phase where there is a
question as to whether defendants were acting outside the scope
of their employment if they committed acts of intentional
discrimination.  <u>See</u> <u>Reese v. City of Southfield</u>, 162 F.3d 1162,
**6 (6th Cir. 1998)(table opinion).  Thus, Defendant Gray cannot
invoke the theory of intra-corporate immunity, and his motion for
summary judgment as to the 1985(2) claim is DENIED.

### D. Qualified Immunity

Plaintiff sued Defendant Gray in his individual capacity.
Defendant contends that he is entitled to qualified immunity from
Plaintiff's §§ 1981, 1983, and 1985 claims.  The doctrine of
qualified immunity protects government officials who perform
discretionary functions from civil liability "insofar as their
conduct does not violate clearly established statutory or
constitutional rights of which a reasonable person would have
known." <u>Beard v. Whitmore Lake School Dist.</u>, 402 F.3d 598, 602-03
(6th Cir. 2005)(citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818
(1982)).  In <u>Beard</u>, the United States Court of Appeals for the

-29-

Sixth Circuit described the three-part test for determining whether a grant of qualified immunity is proper:

> First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known.  Third, we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

Id. at 603 (citing Champion v. Outlook Nashville, Inc., 380 F.3d 893, 900-01 (6th Cir. 2004)).  "If the answer to all three questions is yes, then qualified immunity is not proper." Id. (citing Champion, 380 F.3d at 901).

The Court's analysis in the foregoing sections makes it clear that the Plaintiff alleges violations of her constitutional rights under each cause of action.  The Court finds that Plaintiff points to sufficient evidence in the record to create a genuine issue of material fact regarding whether Chief Gray violated her constitutional rights by disciplining and demoting her.  All of the violations that Plaintiff alleges involve clearly established constitutional rights.  As noted above, the First Amendment right to free speech is "clearly established" for purposes of qualified immunity.  Zilich v. Longo, 34 F.3d 359, 365 (6th Cir. 1994).  Similarly, the rights to be free from

retaliation, to Due Process, and to access the courts are clearly established. Accordingly, the Court finds that Plaintiff meets the second prong of the test.

Finally, the Court must determine whether Defendant Gray's actions were objectively reasonable in light of all the circumstances. In determining whether an officer's actions were objectively reasonable, "individual claims of immunity must be analyzed on a fact-specific, case-by-case basis to determine whether the plaintiff's constitutional rights were so clearly established when the alleged misconduct was committed that any official in the defendants' position would understand that what he did violated those rights." O'Brien v. City of Grand Rapids, 23 F.3d 990, 999 (6th Cir. 1994)(citing Anderson v. Creighton, 483 U.S. 635, 638-39 (1987)). An officer will be immune "if officers of reasonable competence could disagree" regarding whether the conduct violated the plaintiff's rights. Pray v. City of Sandusky, Ohio, 49 F.3d 1154, 1158 (6th Cir. 1995)(citing Malley v. Briggs, 475 U.S. 335, 349 (1986)); O'Brien, 23 F.3d at 999.

The fact that Defendant may have subjectively believed that his actions were lawful is not relevant to the qualified immunity analysis--rather, the standard is one of objective reasonableness. See O'Brien, 23 F.3d at 999. However, officers are "entitled to qualified immunity [when] their decision was

-31-

<u>reasonable</u>, even if mistaken." <u>Pray</u>, 49 F.3d at 1158 (citing

<u>Castro v. United States</u>, 34 F.3d 106, 112 (2d Cir. 1994)).

Defendant Gray contends that "it was not clearly established

that an individual with a pending lawsuit could not be

disciplined for conduct which he believed violated the

Department's policies and procedures . . . " and that he did not

know what information Plaintiff had provided in the <u>Johnson</u>

lawsuit because of the order of protection.  (Renewed Mot. Def.

Gray Summ. J. at 20.) However, in light of the Court's analysis

above, the totality of the circumstances, and Plaintiff's clearly

established constitutional rights, the Court finds that Defendant

Gray's actions, as alleged, were objectively unreasonable.

Defendant Gray thus fails to meet his burden, and his motion for

qualified immunity is DENIED.

### E. State Law and Civil Conspiracy Claims

Plaintiff's First Amended Complaint also asserts claims

pursuant to the laws and Constitution of the State of Tennessee,

as well as a civil conspiracy claim.  Plaintiff alleges a

violation of Article I, Section 23 of the Tennessee

Constitution,[8] which provides a right of peaceable protest and

───────────

[8] Article I, Section 23 provides:

> That the citizens have a right, in a
> peaceable manner, to assemble together for
> their common good, to instruct their
> representatives, and to apply to those
> (continued...)

petition for redress of grievance.  <u>See</u> <u>Daniels v. Traughber</u>, 984
S.W.2d 918, 924 (Tenn. Ct. App. 1998)(finding that these rights
derive from the First Amendment of the U.S. Constitution and
Article I, Section 23 of the Tennessee Constitution).  Since this
provision raises parallel considerations to those discussed above
regarding Plaintiff's First Amendment claim under § 1983,
Defendant Gray's motion for summary judgment regarding
Plaintiff's Tennessee constitutional claim is DENIED.

Plaintiff also raises a claim under Tenn. Code Ann. § 4-21-
301.[9]  This provision bars retaliation by persons in their
individual capacities.  <u>Heyliger v. State University and</u>
<u>Community College System of Tennessee</u>, 126 F.3d 849, 853 (6th

_____

(continued...)
invested with the powers of government for
redress of grievances, or other proper
purposes, by address or remonstrance.

Tenn. Const. Art. 1, § 23.

[9] The relevant statutory provision states:

It is a discriminatory practice for a person
or for two (2) or more persons to:

(1) Retaliate or discriminate in any manner
against a person because such person has
opposed a practice declared discriminatory by
this chapter or because such person has made
a charge, filed a complaint, testified,
assisted or participated in any manner in any
investigation, proceeding or hearing under
this chapter.

Tenn. Code Ann. § 4-21-301(1).

-33-

Cir. 1997).  Plaintiff has sued Defendant Gray in his individual capacity, alleging retaliatory behavior.  This claim parallels Plaintiff's claim under Section 1981[10], and accordingly, summary judgment on this claim is DENIED.

Finally, Defendant Gray challenges Plaintiff's allegations of civil conspiracy.  The Sixth Circuit defines civil conspiracy as:

> an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985)(citations omitted).  This claim parallels Plaintiff's claim under section 1985(2).  Having found that Plaintiff has alleged sufficient facts to go forward with the 1985(2) claim, we hold that she has alleged sufficient facts for the civil conspiracy claim.  Accordingly, Defendant Gray's motion for summary judgment on the civil conspiracy claim is DENIED.

----

[10] Claims under the Tennessee Human Rights Act are to be analyzed under the same standards as Title VII claims.  Dobbs-Weinstein v. Vanderbilt Univ., 1 F.Supp.2d 783, 791 n.10 (M.D.Tenn. 1988).

-34-

**IV.   CONCLUSION**

For the foregoing reasons, Defendant Gray's renewed motion
for summary judgment is DENIED as to Plaintiff's Section 1981
claim, Section 1983 First Amendment and Due Process claims,
Section 1985(2) claim, Tennessee constitutional and statutory
claims, and civil conspiracy claims.  Defendant Gray's motion is
GRANTED as to the Section 1983 Equal Protection claim.


SO ORDERED this _29_ day of September, 2005.


JON P. McCALLA
UNITED STATES DISTRICT JUDGE

-35-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 343 in case 2:02-CV-02454 was distributed by fax, mail, or direct printing on September 29, 2005 to the parties listed.

---

Louis P. Britt
FORD & HARRISON, LLP
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Earle J. Schwarz
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Keith R. Thomas
FORD & HARRISON, LLP
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Delaine R. Smith
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

David M. Sullivan
LAW OFFICES OF DAVID M. SULLIVAN
3251 Poplar Ave.
Ste. 130
Memphis, TN 38111

Honorable Jon McCalla
US DISTRICT COURT