IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

HERLANCER S. ROSS,                    )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )   No. 02-2454 Ml/An
                                      )
CITY OF MEMPHIS, et al.,              )
                                      )
      Defendants.                     )

---

ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE

---

The issues before the Court are whether Defendant City of Memphis ("the City") holds an attorney-client privilege regarding communications between Defendant Crews ("Crews") and city attorneys and whether Crews received any advice from city attorneys in his individual capacity.  The parties submitted briefing and the Court held an evidentiary hearing on this issue on March 17, 2006.

The City, as the party asserting the attorney-client privilege, bears the burden of establishing its existence.  See In re Grand Jury Investigation No. 83-2-35, 723 F.2d 447, 450 (6th Cir. 1983).  Under Sixth Circuit law, a party asserting the privilege must establish the following elements:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by

1

himself or by the legal adviser, (8) unless the
protection is waived.

Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1998).

Plaintiff contends that the City has not established the
existence of the privilege, because the City has "consistently
den[ied] that its attorneys had any conferences with Crews
regarding the Ross disciplinary hearing." (Pl.'s Pre-hearing
Mem. 7.) However, the evidence that Plaintiff cites does not
demonstrate that the City has denied the existence of any
discussions between city attorneys and Crews. Moreover, the fact
that city attorney Spence does not remember having a conversation
with Crews regarding this issue in 2001 does not prove that the
conversation never occurred. Spence testified that he received
thousands of memoranda and had thousands of conversations
regarding legal issues during his tenure as city attorney. Crews
asserts that he met with Spence, and other evidence, such as
Crews' memorandum of May 17, 2001 (Pl.'s Pre-Hearing Mem. Ex. 3
at 42), supports this contention. There is no indication that
Crews and Spence did not meet. Accordingly, the Court finds that
the City has met this prong and has established the existence of
an attorney-client privilege.

Crews has asserted an advice of counsel defense, and
Plaintiff wishes to conduct discovery on this issue. In order to
put forward the advice he received from city attorneys, Crews
must establish that he requested advice in his individual

2

capacity, and, as such, he and not the City holds the privilege. A corporate officer does not have a privilege "[a]bsent an indication that the lawyer should act in a capacity other than that of the company's lawyer." United States v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999). On review of this particular issue, the Sixth Circuit held that, in order for an individual to hold an attorney-client privilege based on communications with corporate counsel, "the individual officer must indicate to the lawyer that he seeks advice in his individual capacity." Ross v. City of Memphis, 423 F.3d 596, 605 (6th Cir. 2005).

> Our court, like many others, requires that the
> individual officer seeking a personal privilege
> "clearly claim[]" he is seeking legal advice in his
> individual capacity. Requiring an individual officer
> to clearly announce a desire for individual advice is
> critical; it allows the attorney to gauge whether it
> would be appropriate to advise the individual given the
> attorney's obligations concerning representation of the
> corporation.

Id. (citations omitted).

Here, there is no indication that Crews "clearly announce[d] a desire for individual advice." The Court has reviewed the May 17, 2001 memorandum that Crews authored and sent to Attorney Spence. (Pl.'s Pre-Hearing Mem. Ex. 3 at 42.) While the memorandum arguably demonstrates that Crews feared individual liability for himself and his staff, without more, the Court cannot conclude that Crews clearly sought legal advice in his individual capacity.

3

The testimony of Crews and attorney Spence at the evidentiary hearing does not clarify this matter.  Crews did not testify about his intentions in seeking the advice from Spence or whether he communicated his intentions to counsel.  Spence's testimony more closely addresses this issue.  Spence testified that "Crews would have been the client," but he later clarified that Crews would have been the client in his capacity as director of the Memphis Police Department.  Later in Spence's testimony, he made clear that his advice to City officials was normally given in their official capacities.  Spence also noted that the City had a policy of providing outside counsel to officers sued in their individual capacities, and that regardless, it would have been unlikely for Spence to have given any advice to an officer in his individual capacity.  Finally, Spence reviewed the May 17, 2001 memorandum from Crews.  While Spence did not recall receiving the memorandum in 2001, he testified, after reading the memorandum in court, that he would not assume from the memorandum that Crews would be exposed to individual liability.

Viewing the evidence as a whole, Crews has not established that he clearly sought legal advice in his individual capacity. As such, the Court finds that the attorney-client privilege remains with the City.

Plaintiff also alleges that even if the City held the privilege, it waived the privilege because Crews did not consider

the advice from counsel confidential and because he discussed the
advice with other people.  (Hearing testimony, Mar. 17, 2006;
Pl.'s Pre-hearing Mem. 8-10.)  However, since Crews was not the
holder of the privilege, he was not able to waive it.  <u>See</u>
<u>Dakota</u>, 197 F.3d at 825-26; <u>United States v. Collis</u>, 128 F.3d
313, 320 (6th Cir. 1997)("A <u>client</u> can waive the privilege by
voluntarily disclosing his attorney's advice to a third
party")(emphasis added).  Plaintiff also contends that the City
waived the privilege if it provided Crews or his counsel with
confidential information or materials.  (Pl.'s Pre-hearing Mem.
8.)  Plaintiff has not established that the City provided Crews
or his counsel with any confidential materials.  In addition,
Spence noted that he would have considered any advice he provided
to Crews to be confidential, but that there was no policy
restricting City officials from discussing the advice received
from City attorneys.

     The Court notes Plaintiff's concerns about the potential for
manipulation in this situation.  However, without any evidence
that Crews clearly sought legal advice in his individual
capacity, the Court finds that the City held the attorney-client
privilege and as such can prevent Crews from disclosing the
contents of his discussions with city attorneys.

     Accordingly, the Court VACATES its Order Denying the City of
Memphis' Objections to Judge Allen's Order on Plaintiff's Third

Motion to Compel (Docket No. 224, entered Feb. 17, 2004) as it relates to discovery from Crews.  Plaintiff's request to conduct discovery from Crews regarding the advice he received from the City's attorneys in DENIED.

So ORDERED this 21st day of March, 2006.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE